## PULLMAN CO. v. CZINTZ.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1907.)

No. 1,719.

CARRIERS—EJECTION OF PASSENGER—ACTION FOR DAMAGES—QUESTION FOR JURY.

In an action by a passenger against a sleeping car company for damages for being ejected from a sleeping car, there was evidence tending to show that defendant sold plaintiff accommodations between two points in a car over a route not wholly covered by her railroad tickets, and that the conductor put her off without her consent before reaching the point where the railway lines diverged. *Held*, that such evidence was sufficient to warrant the court in submitting the case to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1492–1496.]

In Error to the Circuit Court of the United States for the Northern District of Georgia.

Albert Howell, Jr., for plaintiff in error.

James W. Austin, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM. Mrs. Czintz's damages principally resulted from the negligence of the Western & Atlantic Railroad Company in selling her transportation from Atlanta to Dallas over the Cotton Belt Line and giving or furnishing her tickets over the Choctaw Line, the two lines diverging theoretically in Memphis and actually at the junction at the end of the bridge on the west side of the river, and in putting her in the sleeper destined to go over the Cotton Belt Line, assuring her she could in that sleeper go through to Dallas without change. After such action on the part of the railroad company, the Pullman Company sold Mrs. Czintz accommodations from Atlanta to Dallas in a sleeper going over a route not wholly covered by her tickets, presumably without examining the same, and at Memphis put her off of the sleeper and train without her consent, and before reaching the point in Arkansas to which her ticket was good. The plaintiff testified:

"I remained in the car [Palatine] after I reached Memphis about an hour. Just before the train was ready to pull out the railroad conductor came and asked me for tickets, and I exhibited my ticket, and after looking at it he told me that I could not ride on that ticket any farther, that that ticket was over another route, and that I would either have to get out of the car or else pay my way from Memphis to Dallas, if I wanted to stay in that car. I told him I had to my best understanding bought a ticket in Atlanta to travel through to Dallas in that car [Palatine], and I told him that I positively would not get out, and I intended to ride through on that car. He said I could not, unless I would pay my way, and he became very indignant, and just a few minutes before the train left the Pullman conductor rushed up and said: 'You will have to get out of this car.' The train conductor left me at that time. He went through the car to the rest of the passengers for tickets. The Pullman conductor came from the direction of the railroad conductor. He told me I would have to get out of that car. The Pullman conductor said that I could not travel in that car any longer on that ticket, and with that he grabbed my sleeping baby. He grabbed him up and rushed the other two children out with my baggage, and put us down in the yards amongst a net-

work of tracks. Of course, after he took my baby there was nothing else for me to do but to go after the baby. He just rushed us all out. He told me I had just about two minutes to get out, and he hurriedly gave me a drawback check. Another man assisted him in putting me out. I don't know who he was. He was in civil clothes. He did not have a uniform on."

In the opinion of a majority of this court the above showing warranted the submission of the case against the Pullman Company to the jury for a verdict, and the refusal to give the affirmative charge in favor of the Pullman Company was not erroneous. The evidence of the witness Beard, called out on cross-examination, objected to by the defendant, was not sufficiently material to warrant a reversal. The charge as given seems to have fairly covered the case, and on none of the portions excepted to, nor on any of the specific requests to charge, can we predicate reversible error.

Judgment affirmed.